**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4900**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REMY HEATH, a/k/a Remy, a/k/a King Remy, a/k/a King Mellow,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:09-cr-00598-AW-7)

Submitted: June 21, 2012          Decided: June 25, 2012

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Harry D. McKnett, LAW OFFICE OF HARRY D. MCKNETT, LLC, Columbia, Maryland, for Appellant. Emily Noel Glatfelter, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Remy Heath pled guilty in a Fed. R. Crim. P. 11 hearing to one count of conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d) (2006). He was sentenced to 130 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Heath's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether Heath's guilty plea was knowing and voluntary and whether his sentence was reasonable. Although informed of his right to do so, Heath has not filed a supplemental pro se brief. The Government has moved to dismiss Heath's appeal to the extent that the issues he raises fall within the scope of his plea agreement's waiver of appellate rights. For the following reasons, we grant the Government's motion in part, and dismiss the appeal in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The validity of an appellate waiver is a question of law that we review de novo. Id. "The validity of an appeal waiver depends on whether the defendant

2

knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id.

Here, the district court substantially complied with Rule 11 when accepting Heath's plea, ensuring that Heath understood the rights he was relinquishing by pleading guilty and the sentence he faced, that he committed the offense to which he was pleading, and that he was aware of the limits his plea would place on his appellate rights. Given no indication to the contrary, we find that Heath's appellate waiver is valid and enforceable. Accordingly, we grant the Government's motion to dismiss the appeal to the extent it raises issues within the scope of the waiver, including Heath's appeal of his sentence.

But even a valid waiver of appellate rights will not foreclose a colorable constitutional challenge to the voluntariness of a guilty plea. See, e.g., United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Accordingly, Heath's appellate waiver does not foreclose our review of the knowing and voluntary nature of his guilty plea. As noted above, however, the district court substantially complied with Rule 11 when accepting Heath's plea, and, therefore, we find no

3

reason to question its validity.  See <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In accordance with <u>Anders</u>, we have reviewed the record, mindful of the scope of Heath's appellate waiver, and have found no meritorious issues for appeal.  We therefore dismiss the appeal in part and affirm in part.  This court requires that counsel inform Heath, in writing, of his right to petition the Supreme Court of the United States for further review.  If Heath requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Heath.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>